# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                   )
                                   )
                                   )
v.                                )     I.D. Nos.    1709013589
                                   )                       1709013834
                                   )                       1709013763
WILLIAM H. PIATT JR.,        )                       1708022756
                                   )
Defendant.                   )

## ORDER

**AND NOW TO WIT,** this 13th day of January 2020, upon consideration of William H. Piatt Jr.'s ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.    On March 19, 2018, Defendant pleaded guilty to three counts of Robbery First Degree, Attempted Robbery Second Degree, and Theft Over $1,500.[1] On June 22, 2018, Defendant was sentenced to a sum of eighty-two years at Level V, suspended after ten years at Level V, followed by transitioning levels of

---

[1] Case Review Plea Hearing: Pled Guilty/ Presentence Investigation Ordered, *State of Delaware v. William H. Piatt Jr.*, Crim. ID No. 1709013589, D.I. 7 (Del. Super. Ct. Mar. 19, 2018) [hereinafter "Def.'s Plea"].

1

probation.[2] This included a minimum mandatory sentence of nine years—three years minimum mandatory for each count of Robbery First Degree.[3]

2. On September 30, 2019, Defendant filed this motion.[4] Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion. However, in his motion he asks the Court to modify his Level V sentences to run concurrently. Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[5] The Court therefore considers this request under Superior Court Criminal Rule 35(b).

3. In support of his motion, Defendant states the following grounds for relief: (1) Defendant concedes his motion is time-barred, but argues that amendments to "house bill 5," qualify as "extraordinary circumstances[;]" (2) Defendant argues that § 3901(d) "permits this court to run . . . sentences of confinement concurrently[;]" and (3) Defendant argues that he "is an optimal candidate for concurrent sentencing[.]"[6]

---

[2] As as to the three counts of Robbery First Degree, Defendant received three sentences of twenty-five years at Level V, suspended after three years at Level V, for six months at Level IV DOC Discretion (sentenced for the first count only), followed by two years at Level III. As to Robbery Second Degree, Defendant received five years at Level V, suspended after one year at Level V, for two years at Level III. As to Theft Over $1,500, Defendant received two years at Level V, suspended for one year at Level III. Defendant's probation is to be served concurrently. Sentence: ASOP Sentence Order Signed and Filed 6/26/2018, *State of Delaware v. William H. Piatt Jr.*, Crim. ID No. 1709013589, D.I. 20 (Del. Super. Ct. June 22, 2018).

[3] *See* Def.'s Plea.

[4] Defendant's Motion for Modification of Sentence, *State of Delaware v. William H. Piatt Jr.*, Crim. ID No. 1709013589, D.I. 23 (Del. Super. Ct. Sept. 30, 2019) [hereinafter "Def.'s Mot."].

[5] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[6] *See* Def.'s Mot at pages 2-4.

2

4. The sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.[7] After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties. Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

5. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[8] Defendant is time-barred. In order to overcome the ninety-day time bar, Defendant must show that "extraordinary circumstances" forgive the tardiness of his motion.[9]

6. Defendant's reference to "house bill 5" and 11 *Del. C.* § 3901 does not qualify under extraordinary circumstances. Defendant argues that the Court has discretion to retroactively apply these statutory provisions. Defendant's arguments lack merit and are incorrect. Defendant was sentenced in June 2016 and 11 *Del. C.*

---

[7] Final Case Review: Defendant Pled Guilty/Sentenced, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 7 (Del. Super. May 20, 2019).
[8] SUPER. CT. CRIM. R. 35(b).
[9] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

§ 3901(d) was amended in June 2019. Even if the offenses for which he pled guilty fell within the new discretionary provisions for the fixing of terms of imprisonment under § 3901(d), the provisions cannot be applied retroactively to modify a consecutive sentence to run concurrently in accordance with Delaware case law.[10] Even if applicable, discretion afforded the Court would lead to the same conclusion and the request denied.

7. Additionally, Superior Court Criminal Rule 35(b) also provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[11] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[12] The bar to repetitive motions has no exception. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[13] This Court denied Defendant's first Motion for Modification of Sentence on October 24, 2018.[14] Therefore, this second Rule 35(b) motion is also barred as repetitive.

---

[10] *State v. Thomas*, No. CR IN17-08-0408, 2019 WL 5704287, at *4 (Del. Super. Ct. Oct. 31, 2019) (holding that the June 25, 2019 amendments to § 3901(d), "expand[ing] Delaware sentencing judges' discretion to order concurrent terms of incarceration," did not retroactively apply to defendant's sentence imposed before effective date of amendment).

[11] SUPER. CT. CRIM. R. 35(b) (emphasis added).

[12] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[13] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").

[14] Letter/Order (Motion Denied), *State of Delaware v. William H. Piatt Jr.*, Crim. ID No. 1709013589, D.I. 22 (Del. Super. Ct. Oct. 24, 2018).

8.      Furthermore, Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[15]  Therefore, where Defendant is subject to a minimum mandatory sentence, Defendant's motion is denied.

9.      Defendant's motion is time-barred, barred as repetitive, and denied where Defendant is subject to a minimum mandatory sentence.   As such, Defendant's Level V sentences are consecutive and remain appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification is **DENIED.**

Vivian L. Medinilla
Judge

oc:     Prothonotary
cc:     Department of Justice
        Investigative Services
        Defendant

---

[15] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).