Omar COLON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 572, 2005.

Supreme Court of Delaware.

Submitted: April 12, 2006.

Decided: May 12, 2006.

17. *Johnson Controls, Inc. v. Fields,* 758 A.2d 506, 509 (Del.2000).

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

### *O R D E R*

This 12th day of May, 2006, on consideration of the briefs of the parties, it appears to the Court that:

(1) Omar Colon, defendant-below, pleaded guilty to cocaine trafficking. A Superior Court judge sentenced him to ten years in prison at Level V, suspended after five years.[1] Sixteen months after the judge sentenced him, Colon filed a motion to reduce his sentence. In his motion, Colon alleged that the judge violated *Blakely v. Washington*[2] and *United States v. Booker*[3] by exceeding the SENTAC guidelines recommended sentence. Specifically, Colon contends that the judge relied on "unreliable facts."[4] Colon now appeals from the judge's later denial of his motion to reduce his sentence. Because Del.Super. Ct.Crim. R. 35 requires a motion for a reduction of a sentence to be filed within ninety days from the imposition of the sentence, Colon's claim is time barred and we must affirm.

(2) On April 14, 2001, the police arrested Colon for numerous drug charges after executing a search warrant for his apartment. On November 11, 2003, Colon pleaded guilty to trafficking in cocaine (five to fifty grams)—a class B felony[5]—and the State entered a nolle prosequi on the remaining charges. The State also agreed to recommend six years at Level V suspended after five years with the remaining year at Level II probation.

(3) As promised, the prosecutor recommended six years at Level V suspended after five years. Noting his lack of a criminal record, Colon asked the judge for the three-year mandatory minimum sen-

---

**1.** The same Superior Court judge that sentenced Colon heard and denied Colon's Rule 35(b) motion. Throughout this ORDER we refer to the Superior Court judge as "judge."

**2.** 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**3.** 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**4.** The record supports that the SENTAC guidelines provided for a mandatory mini-

mum three year prison sentence. *See Infra* n. 8.

**5.** At the time of Colon's arrest the statutory sentencing range for a Class B felony was two to twenty years at Level V. *See* 11 *Del. C.* § 4205(b)(2)(2001) (current version 11 *Del. C.* § 4205(b)(2)(2005)). In 2003, the maximum term for imprisonment was extend from twenty to twenty five years. *See* House Bill 210, 74 Del. Laws, Ch. 106 (2003). It is not disputed that the 20 year maximum applies to Colon's case.

tence.[6]  Given the disparity in the parties' positions, the judge asked the prosecutor to explain the State's position.  The prosecutor explained that police had information that Colon "was one of the top drug dealers in Wilmington, ... moving over 14 kilos a week."  Moreover, the prosecutor summarized the items police seized in the search: the amount of drugs in Colon's pocket, a large amount of drugs in the apartment, a large amount of a substance used to cut cocaine for distribution, a four foot hydraulic press used to manufacture cocaine, Tyvek suits, ventilator masks, 600 grams of marijuana, 172 Ecstasy pills, and over $8,000 in cash.

(4) After the prosecutor's explanation, the judge told defense counsel that he would order a presentence investigation if defense counsel found it helpful.[7]  Defense counsel twice conferred with Colon before responding "we would like to proceed with sentencing today."  The judge then sentenced Colon to ten years at Level V, suspended after five years for one year at Level II probation.[8]  On March 7, 2005,

---

6. At the time of Colon's arrest the mandatory minimum sentence for cocaine trafficking was three years.  *See* 16 *Del. C.* § 4753(A)(2001) (current version at 16 *Del. C.* § 4753(A)(2005)).  This section was amended in 2003 and the minimum term of imprisonment was reduced to two years.  *See* House Bill 210, 74 Del. Laws, Ch. 106 (2003).  It is not disputed that the three year mandatory minimum applies to Colon's case.

7. The judge stated:
   [Defense Counsel], based on what the State is saying, the best that the Court can offer is, if you think that it might be helpful, I would order a presentence investigation.  But if even a substantial portion of what [the prosecutor] said is true, then the five-year sentence actually could be considered generous.
   So if you think that there's a reasonable possibility that Mr. Colon would get less than five years, after a full review of his background and the case by a presentence investigation, I'd be inclined to grant that.
   But if you think that things will not get any better as a result of the presentence investigation, then we could go forward with sentencing pretty much on the terms of the State's recommending...
   Well, I thought at least I tried to be clear for the proposition that [if] even a portion of what the State is saying is true, the Court is not going to impose the minimum mandatory today...
   I guess what I'm saying, so we are clear on this, if the presentence investigation reveals that Mr. Colon was operating this sort of enterprise that the State is suggesting, he was operating as opposed to his codefendant, the sentence could get worse than five years, if that's what the presentence investigation is going to reveal.
   On the other hand, if it's going to reveal that Mr. Colon is otherwise a hard-working person, who has a legitimate job, is taking care of a family, so forth, then perhaps there's a possibility it would be less than the five-year sentence.

8. It is worth noting that the following exchange took place before the judge sentenced Colon:
   THE COURT: The charge to which you're pleading guilty, as was explained out loud and is presented on the form that you reviewed carefully, includes from three to 20 years in prison.  The first three years of that sentence is mandatory.  There's nothing that even the Court can do about that.  Three years has to be imposed, and it cannot be suspended.  The sentence could be as much as 20 years.  Do you follow me so far?
   THE DEFENDANT: Yes, Your Honor.
   THE COURT: Now, you have a plea agreement with the State that says **the State is going to recommend that your sentence be six years in prison, suspended after five years in prison;** the first three years of the five-year sentence being the minimum mandatory sentence that I just explained.  Still with me?
   THE DEFENDANT: Yes, Your Honor.
   THE COURT: And then after serving five years in prison, the State is recommending low-level probation for one year.  The Court is not bound by the State's recommendation.  There are sentencing guidelines.  They recommend the three-year, minimum mandatory sentence.  **The Court is not bound by the guideline, either.**

sixteen months after the imposition of his sentence, Colon filed his motion to reduce his sentence under Rule 35(b). The judge denied his motion. Colon now claims on appeal that the judge relied on mere "allegations" and "facts not admitted" by Colon as the basis for exceeding the SENTAC guidelines.

(5) We have addressed the time requirements of Rule 35 on many occasions.[9] In *Morrison v. State,* we stated:

Rule 35(b) provides that the court may modify a sentence of imprisonment on a motion made within ninety days after the sentence is imposed. On a motion filed more than ninety days after the sentence is imposed, the court will consider a sentence modification "only in extraordinary circumstances" or pursuant to title 11, section 4217 of the Delaware Code. Section 4217 establishes a procedure to permit the Department of Correction to apply for a modification of

So what that means is that when you are sentenced, which is likely to happen today, you will receive a sentence of at least three years in prison, and it could be **as much as 20 years in prison**. Do you follow all of that?

THE DEFENDANT: Yes, Your Honor.

9. *Morrison v. State,* 846 A.2d 238, 2004 WL 716773 at **1, 2004 Del. Lexis 143 at *3 (Del.Supr. March 24, 2004) (claim timed barred); *Fennell v. State,* 879 A.2d 602, 2005 WL 1950215 at **1, 2005 Del. Lexis 276 at *3 (Del.Supr.Ct. July 19, 2005) (claim time barred); *Defoe v. State,* 750 A.2d 1200 (Del. 2000) (claim time barred); *Ketchum v. State,* 801 A.2d 10 (Del.2002) (claim time barred); *Jones v. State,* 817 A.2d 804 (Del.2003) (claim timed barred); *Phillips v. State,* 830 A.2d 409 (Del.2003) (claim time barred).

10. 846 A.2d 238, 2004 WL 716773 at **1, 2004 Del. Lexis 143 at *3.

11. Moreover, any contention that Colon's motion could be considered under Rule 35(a) lacks merit. Rule 35(a) permits the correction of an "illegal sentence" at "any time" and permits the correction of a sentence "imposed in an illegal manner" within 90 days of

an offender's sentence for good cause shown, including "exceptional rehabilitation," when the Department certifies that the release of the offender shall not constitute a substantial risk to the community or the offender.[10]

Here, Colon has not alleged any extraordinary circumstances that would justify considering his motion more than ninety days of the sentencing, nor has the Department of Correction applied for a modification of Colon's sentence under 11 *Del. C.* § 4217.[11] Before Colon could expect the sentencing judge to consider modifying his sentence he was required to establish that he filed his Rule 35(b) motion within ninety days of his original sentence. Colon filed his motion *sixteen months* after the imposition of his sentence. Therefore, we must affirm the judge's denial of Colon's motion to reduce his sentence on the basis that his motion is time barred.[12]

the imposition of the sentence. The 90 day requirement would apply to Colon under Rule 35(a) because his claim, that the judge relied on unreliable facts to exceed the SENTAC guidelines, is a claim that the judge imposed his sentence in an illegal manner. *See Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998); *Fennell,* 2005 WL 1950215 at **1, 2005 Del. Lexis 276 at *3 (noting the distinction between an "illegal sentence" and an "illegally imposed" sentence).

12. While the judge articulated a different rationale for his ruling in this case, we may affirm on grounds other than those relied upon by the judge. *Fennell,* 2005 WL 1950215 at **1, 2005 Del. Lexis 276 at *4 (citing *Unitrin, Inc. v. American General Corp.,* 651 A.2d 1361 (Del.1995)). Even if we were to reach the merits and decide Colon's claim that the judge relied on "facts not admitted" to exceed the SENTAC guidelines, we would affirm. Colon has provided nothing to indicate that his sentence was "imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability." *Mayes v. State,* 604 A.2d 839, 843 (Del.1992). Moreover, Colon waived his opportunity to challenge the State's charac-

NOW, THEREFORE, IT IS OR-
DERED that the judgment of the Superi-
or Court be, and the same here by is,
AFFIRMED.

/s/ Myron T. Steele
Chief Justice

terization of events when he declined a pre-    sentence investigation.