# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
)
v. ) I.D. No. 1408014208
)
)
)
DAVEION JOHNSON, )
)
Defendant. )

## ORDER

**AND NOW TO WIT**, this 17th day of December 2019, upon consideration of Defendant Daveion Johnson's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.    On March 10, 2015, Defendant pleaded guilty before J. Silverman to one count of Home Invasion, Possession of a Firearm During the Commission of a Felony (PFDCF), Robbery First Degree, and Conspiracy Second Degree.[1]    He ordered a PSI and sentencing before this Court was scheduled for July 17, 2015.[2] Before sentencing and after the plea was accepted, the State entered a *nolle prosequi* for the Robbery First Degree charge to conform to a co-defendant's sentence.

---

[1] *State of Delaware v. Daveion Johnson*, Crim. ID No. 1408014208, D.I. 9 (Del. Super. Mar. 10, 2015) [hereinafter "Def.'s Plea Hearing"].

[2] *State of Delaware v. Daveion Johnson*, Crim. ID No. 1408014208, D.I. 16 (Del. Super. July 17, 2015).

Defendant received nine years of minimum mandatory Level V time followed by nine months at Level IV Work Release and two years at Level III probation.[3]

2.      On September 16, 2019, Defendant filed this request to modify his sentence under Superior Court Criminal Rule 35(b)[4] to modify his Level V sentence so he may complete it at Level V Key and Crest Program.[5]

3.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[6] Defendant is time-barred. In order to overcome the ninety-day time bar, Defendant must show that "extraordinary circumstances" forgive the tardiness of his motion.[7] Defendant does not meet the definition established by the Delaware Supreme Court for "extraordinary circumstances" as circumstances"' that specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"[8]

---

[3] Defendant was sentenced as follows: (1) For the Home Invasion charge, Defendant received a minimum mandatory sentence of six years of unsuspended time at Level V, followed by nine months at Level IV Work Release, followed by two years at Level III; (2) for the PFDCF charge, Defendant received a consecutive minimum mandatory sentence of three years; and (3) for the Conspiracy Second Degree charge, Defendant received two years at Level V, suspended for one year at Level III, probation to be served concurrently. Sentence: Corrected ASOP Sentence Order Signed and Filed on 8/19/2015, *State of Delaware v. Daveion Johnson*, Crim. ID No. 1408014208, D.I. 17 (Del. Super. Aug. 12, 2015).

[4] DEL. SUPER. CT. CRIM. R. 35(b).

[5] Defendant's Motion for Modification of Sentence, *State of Delaware v. Daveion Johnson*, Crim. ID No. 1408014208, D.I. 27 (Del. Super. Sept. 16, 2019) [hereinafter "Def.'s Mot."].

[6] SUPER. CT. CRIM. R. 35(b).

[7] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

[8] *Diaz*, 2015 WL 1741768, at *2 (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)); *see Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1-2 (Del.

4.     He does not seek a reduction of Level V with the programming request but he also references "he is aware of the new bill (House Bill No. 5)" that suggests he seeks concurrent sentencing.[9]  In support of his motion to reduce his Level V, Defendant states various grounds for relief[10] that do not warrant reduction.

5.     Defendant is serving a minimum mandatory sentence.  Rule 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[11]  Therefore, the Court lacks discretion to modify Defendant's minimum mandatory sentence.

6.     Defendant's reference to "House Bill No. 5" is unclear.  The Court assumes he is seeking concurrent sentencing under 11 *Del. C.* § 3901.  Defendant was sentenced in July 2015 and 11 *Del. C.* § 3901(d) was amended in June 2019.  Even if the offenses for which he pled guilty fell within the new discretionary provisions for the fixing of terms of imprisonment under § 3901(d)—and they do not, these provisions cannot be applied retroactively to modify a consecutive

---

2004) (TABLE) (This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances.").

[9] *See* Def.'s Mot. at page 6.

[10] Def.'s Mot. at pages 3-4.  (Defendant claims that: (1) the alteration of a portion of his sentence will lead to "positive change in the direction of his life;" (2) he wants to be a better citizen and son/ grandson; (3) his "poor thinking and subsequent negative decisions" have created "mental, emotional, and spiritual hardship" for himself and his family; (4) he is more self-aware; (5) he is "working to bet a better person;" (6) he is involved "with several programs" to assist with creating a better future; and (7) he understands the need to create a better and "new" life for himself following the completion of his incarceration.).

[11] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

sentence to run concurrently.[12] As such, the sentence remains appropriate for all the reasons stated at the time of sentencing.

7.     Finally, Defendant's sentence was imposed pursuant to a Plea Agreement between the State and Defendant.[13] After an appropriate colloquy, the Court addressed Defendant in open court and determined that he understood the nature of the charge to which the plea was offered, which was then that the possible penalties included a minimum sentence of twelve years for the offenses to which he pled guilty. Since the State dropped an offense prior to sentencing, he instead received even less time, and the most lenient sentence available to this Court.

8.     As to his request to modify his placement at level V to Key/Crest, the Court defers to DOC to determine if the programming is appropriate.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

_____
Vivian L. Medinilla
Judge

oc:     Prothonotary
cc:     Defendant
Department of Justice
Investigative Services

---

[12] *Id.*
[13] Def.'s Plea Hearing.

4