# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
    )
    v.    )    I.D. Nos. 1103013589
    )    1607020992
RICHARD S. FERRY,    )
    )
Defendant.    )

## ORDER

**AND NOW TO WIT**, this 17th day of December 2019, upon consideration of Defendant Richard S. Ferry's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.    On April 27, 2011, Defendant pleaded guilty to Possession With Intent to Distribute NSI (CS).[1]  On July 15, 2011, Defendant was sentenced to two years of unsuspended time at Level V, followed by six months at Level IV Work Release and thirty-six months at Level III probation.[2]  Defendant was found to be in violation

---

[1] *See* Fast Track Calendar, Pled Guilty. Presentence Investigation Ordered, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 3 (Del. Super. April 27, 2011).

[2] Defendant was sentenced to ten years at Level V, suspended after two years at Level V, for eight years at Level IV Work release, suspended after six months at Level IV Work Release, for thirty-six months at Level III. Defendant was charged to pay all statutory surcharges. Sentencing Calendar: Defendant Sentenced, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 3 (Del. Super. July 15, 2011); Sentence: ASOP Order Signed and Filed on 7/15/11, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 5 (Del. Super. July 15, 2011).

of his probation twice, on May 18, 2016[3] and August 17, 2016.[4]  On August 17, 2016, this Court resentenced Defendant to seven years at Level V, suspended after four months at Level V, with no probation to follow.[5]

2.      On January 24, 2017, Defendant pled guilty to new charges to include Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Burglary Third Degree, and Theft with a Firearm.[6]  On March 23, 2017, the State moved to have Defendant Declared an Habitual Offender.[7]  On April 28, 2017, the Court granted the State's Motion[8] and Defendant was sentenced[9] to a sum of fifteen years of unsuspended time at Level V, followed by six months at Level IV DOC Discretion and two years at Level III GPS.[10]  Defendant's sentences were to run consecutively.

---

[3] On May 18, 2016, this Court found Defendant to be in violation of probation.  Violation-of-Probation Hearing:  Defendant Found in Violation, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 12 (Del. Super. May 18, 2016).  Defendant was sentenced to seven years at Level V, suspended for eighteen months at Level III TASC.  Sentence:  VOP ASOP Order Signed and Filed on 05/24/16, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 14 (Del. Super. May 18, 2016).

[4] *See* Violation-of-Probation Hearing:  Defendant Found in Violation, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 16 (Del. Super. Aug. 17, 2016).

[5] *See* Sentence:  VOP ASOP Order Signed and Filed 08/22/16, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1103013589, D.I. 16 (Del. Super. Aug. 17, 2016).

[6] *See* Trial Calendar – Jury Trial – Pled Guilty – PSI Ordered, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1607020992, D.I. 11 (Del. Super. Jan. 24, 2017).

[7] *See* Motion to Declare Defendant an Habitual offender Filed, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1607020992, D.I. 15 (Del. Super. Mar. 23, 2017).

[8] *See* Motion to Declare Defendant an Habitual Offender Granted on 4/28/17, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1607020992, D.I. 17 (Del. Super. April 28, 2017).

[9] *See* Sentencing Calendar:  Defendant Sentenced, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1607020992, D.I. 16 (Del. Super. April 28, 2017).

[10] Defendant was sentenced as follows:  (1) For the PABPP and PFBPP charges, Defendant received fifteen years unsuspended at Level V Inpatient Drug, with no probation to follow; (2)

2

3. On September 25, 2019, Defendant files this motion under Delaware Superior Court Criminal Rule 35(b)[11] to modify his sentences to run concurrently. In support of his motion, Defendant refers to "House Bill No. 5" as a ground for relief. Defendant concedes his modification under Rule 35 (b) is time-barred but asks this Court consider his request because the statutory provisions upon which he relies were not in effect during the ninety-period when Defendant was required to timely file his motion .[12]

4. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[13] Defendant is time-barred. In order to overcome the ninety-day time bar, Defendant must show that "extraordinary circumstances" forgive the tardiness of his motion.[14]

5. Defendant does not argue his time-barred motion should be considered under the definition of "extraordinary circumstances."[15] Defendant's reference to

---

For the Burglary charge, Defendant received three years at Level V, suspended for three years at Level IV Department of Correction ("DOC") discretion, suspended after six months DOC discretion, for one year at Level III GPS; and (3) For the Theft charge, Defendant received three years at Level V, suspended for one year at Level III GPS. Sentence: ASOP Order Signed and Filed on 5/3/17, *State of Delaware v. Richard S. Ferry*, Crim. ID No. 1607020992, D.I. 19 (Del. Super. April 28, 2017).

[11] DEL. SUPER. CT. CRIM. R. 35(b).

[12] *See* Def.'s Mot. at page 2.

[13] SUPER. CT. CRIM. R. 35(b).

[14] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

[15] Extraordinary circumstances has been defined as circumstances "'that specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'" *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2

the effective date of "House Bill No. 5" does not qualify under extraordinary circumstances. The Court assumes he is seeking concurrent sentencing under 11 *Del. C.* § 3901. The statutory provisions are not applicable.

6. Defendant was sentenced in August 2016 and 11 *Del. C.* § 3901(d) was amended in June 2019. Even if the offenses for which he pled guilty fell within the new discretionary provisions for the fixing of terms of imprisonment under § 3901(d), the provisions cannot be applied retroactively to modify a consecutive sentence to run concurrently.[16] Even if applicable, discretion afforded the Court would lead to the same conclusion and the request denied. The Level V sentences are consecutive and remain appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services

---

(TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)); *see Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1-2 (Del. 2004) (TABLE) (This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances.").

[16] *State v. Thomas*, No. CR IN17-08-0408, 2019 WL 5704287, at *4 (Del. Super. Ct. Oct. 31, 2019) (holding that the June 25, 2019 amendments to § 3901(d), "expand[ing] Delaware sentencing judges' discretion to order concurrent terms of incarceration," did not retroactively apply to defendant's sentence imposed before effective date of amendment).