# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                   )

      v.                        )
                                   )  I.D. Nos.    1110018073
                                 )                   1110013616

TONY L. CLARK,        )
                                 )

      Defendant.      )

## ORDER

Submitted: April 20, 2020
Decided: June 29, 2020

**AND NOW TO WIT**, this 29th day of June 2020, upon consideration of Defendant Tony Clark's ("Defendant") Motion for Modification of Sentence, the State's Response,[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court:

1. On June 8, 2012, Defendant was sentenced for Robbery First Degree, Possession of a Deadly Weapon during the Commission of a Felony, and Theft.[2] Defendant received fifteen years at Level V, suspended after six years at Level V Key, for transitioning levels of supervision between Level IV Crest and Level III Crest Aftercare.[3] For the Firearm charge, Defendant received a consecutive sentence

---

[1] State's Response to Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 29 (Del. Super. Ct. June 23, 2020) [hereinafter "State's Resp."].
[2] Case Review Calendar Pled Guilty PSI Ordered/ Sentencing: 05/11/2012, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 7 (Del. Super. Ct. Feb. 13, 2012).
[3] Sentence: Corrected ASOP Order, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073,

of four years at Level V.[4] For the Theft charge, Defendant received one year at Level V, suspended for one year at Level III.[5] In sum, he received eleven years of incarceration followed by transitioning levels of probation.

2. On April 20, 2020, Defendant filed this, his sixth, Motion for Modification of Sentence under Rule 35(b).[6] In his motion, Defendant asks this Court to modify his remaining four months at Level V to one year at Level IV Home Confinement, held at Level III until space at Level IV is available, followed by two years at Level III.[7]

3. In support of his Motion, Defendant states the following grounds for relief: (1) "extraordinary circumstance" – citing the COVID-19 pandemic; (2) Defendant contends that his underlying condition of asthma makes him a high risk inmate; (3) at the time of filing this motion, Defendant only had four months remaining on his ten year Level V sentence, and had completed all mandatory minimum portions of his sentencing; and (4) Defendant again asserts concern for his safety in relation to COVID-19 where seven officers and twelve inmates have tested positive for COVID-19 at James T. Vaughn Correctional Center.[8]

---

D.I. 10 (Del. Super. Ct. July 12, 2012) [hereinafter "Sentence Order"].

[4] *Id.*

[5] *Id.*

[6] Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 28 (Del. Super. Ct. Apr. 23, 2020) [hereinafter "Def.'s Mot."]; *see* DEL. SUPER. CT. CRIM. R. 35(b).

[7] Def.'s Mot.

[8] *Id.* at 2.

2

4.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[9] Defendant is time-barred.  In order to overcome the ninety-day time bar in Rule 35(b), Defendant must show that "extraordinary circumstances"[10] forgive the tardiness of his Motion.[11]  This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances."[12] This Court does not find that Defendant has raised any "extraordinary circumstances" to overcome this bar.  The Court agrees with the State's position that Defendant has not established a basis for relief where DOC has implemented appropriate protocol to address his concerns.

5.      Furthermore, Superior Court Criminal Rule 35(b) also provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[13] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[14] The bar to repetitive motions has no exception.  It is absolute and flatly "prohibits repetitive requests for reduction

---

[9] DEL. SUPER. CT. CRIM. R. 35(b).

[10] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"  *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[11] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

[12] *See Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1–2 (Del. Mar. 24, 2004) (TABLE).

[13] *Id.* (emphasis added).

[14] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

of sentence."[15] The repetitive motion bar is applicable even when the request is for reduction or modification of a term of partial confinement or probation.[16] Therefore, where Defendant has previously submitted five other Motions for Modification,[17]

[15] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (TABLE). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[16] *See Teat v. State*, 31 A.3d 77, 2011 WL 4839042, at *1 (Del. 2011) (TABLE); *see also State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Ct. Mar. 11, 2015); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015).

[17] Defendant has filed five previous Motions for Modification under Rule 35(b) and two Motions for Reconsideration. Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 11 (Del. Super. Ct. Aug. 27, 2012); Defendant's Motion for Modification (Correction) of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 12 (Del. Super. Ct. Apr. 10, 2014); Defendant's Letter Requesting Reconsideration of Modification (Correction) of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 15 (Del. Super. Ct. June 3, 2014); Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 17 (Del. Super. Ct. Mar. 2, 2017); Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 22 (Del. Super. Ct. Aug. 26, 2019); Defendant's Letter Requesting Reconsideration of Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 25 (Del. Super. Ct. Dec. 11, 2019); Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 26 (Del. Super. Ct. Mar. 6, 2020).

and where such motions were previously denied,[18] this motion is also barred as repetitive.  The Court cannot use its discretion to ignore this bar.[19]

6. Moreover, this Court accepted that Defendant's previous request called for a modification Level IV placement at DOC DISCRETION[20] and has continued to modify, where appropriate.  At this time, Defendant's sentence remains appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services

---

[18] Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 12 (Del. Super. Ct. Sept. 21, 2012); Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 14 (Del. Super. Ct. May 20, 2014); Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 16 (Del. Super. Ct. July 3, 2014); Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 18 (Del. Super. Ct. Mar. 20, 2017); Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 24 (Del. Super. Ct. Nov. 5, 2019); Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 27 (Del. Super. Ct. Mar. 19, 2020) (denying Defendant's Motion for Modification, but updating his sentence to reflect a Level IV DOC placement).

[19] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (reversing the Superior Court's decision to grant defendant's Motion for Modification where the motion was repetitive and untimely).

[20] Order Denying Defendant's Motion for Modification, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 27 (Del. Super. Ct. Mar. 19, 2020) (denying Defendant's Motion for Modification, but updating his sentence to reflect a Level IV DOC placement).