# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
)
v. ) I.D. No. 1612003152
)
)
AUSTEN R. KOELLER, )
)
Defendant. )

## ORDER

Submitted: April 20, 2020
Decided: June 30, 2020

**AND NOW TO WIT**, this 30th day of June, 2020, upon consideration of Defendant's Austen R. Koeller ("Defendant") Motion for Modification of Sentence, the State's Response,[1] the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.   On July 19, 2017, Defendant pled guilty to Robbery in the Second Degree and Disguise,[2] and was sentenced to a sum of eighteen months at Level V followed by transitioning levels of probation at the discretion of the Department of Correction ("DOC").[3] On August 23, 2018, Defendant was found in violation of

---

[1] State's Response to Defendant's Motion for Modification, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152 D.I. 32 (Del. Super. Ct. June 29, 2020) [hereinafter "State's Resp."].

[2] Case Review Plea Hearing: Pled Guilty/Sentenced, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 7 (Del. Super. Ct. July 17, 2019).

[3] Defendant received the following sentences: (1) For Robbery in the Second Degree, five years at Level V supervision, suspended after eighteen months at supervision Level V, for three years

probation[4] and was resentenced to four years at Level V, suspended after successful completion of the Key Program, for three years at Level IV, suspended after successful completion of the Crest program, followed by the balance of Defendant's sentence to be served at Level III Crest.[5]

2.     On April 20, 2020, Defendant filed this letter.[6] Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion. However, in his motion he asks the Court to modify his Level V sentence. Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[7] The Court therefore considers this request under Superior Court Criminal Rule 35(b).

3.     In his motion, Defendant requests that the Court suspend the remainder of his Level V sentence for an outpatient program and Level III or Level IV for six

---

and six months at Level IV DOC Discretion, suspended after six months at Level IV, for one year at Level III; (2) For the Disguise charge, two years at Level V supervision, suspended immediately, for one year at supervision Level III.   Sentence: ASOP Order Signed and Filed on 07/21/2017, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152 D.I. 8 (Del. Super. Ct. July 19, 2017).  Defendant's Level V time runs consecutively and probation runs concurrently. *Id.*

[4] Violation of Probation Hearing:  Defendant Found in Violation. Sentenced, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152 D.I. 21 (Del. Super. Ct. Aug. 23, 2018).  During Defendant's Level V Key placement, Defendant violently attacked another inmate by "jumping on his head and neck, using the bunks to give him leverage." *See* State's Resp.  As a result, Defendant was kicked out of the Key Program and sent to maximum security at Howard R. Young Correctional Institute. *See id.*

[5] Sentence:  Corrected VOP ASOP Order Signed and Filed on 8/29/18, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152 D.I. 23 (Del. Super. Ct.  Aug. 29, 2018) [hereinafter "Def.'s VOP Sentence"].

[6] Defendant's Motion for Modification of Sentence, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 31 (Del. Super. Ct. Apr. 20, 2020) [hereinafter "Def.'s Mot."].

[7] *Jones v. State*, 825 A.2d 238, 2003 WL 21210348, at *1 (Del. May 22, 2003) (TABLE).

2

months.[8] In support of his motion, Defendant states that: (1) The Key Program has been shut down due to the COVID-19 pandemic; (2) He is "ready to be a productive citizen[;]"(3) He has been "clean for almost two years[;]" (4) He has earned his G.E.D; (5) He has a job waiting for him upon his release; and (6) He "will be completing the shu program in a few months . . . and [has been] "staying out of trouble."[9]

4.    On June 29, 2020, the State filed a response in opposition to Defendant's motion, arguing that based on Defendant's previous violent attack on another inmate and his inability to engage in treatment while incarcerated thus far, "there is little reason to expect him to engage in treatment while he is in the community."[10]

5.    Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[11] Defendant is time-barred. In order to overcome the ninety-day time bar in Rule 35(b), Defendant must show that "extraordinary circumstances"[12] forgive

---

[8] Def.'s Mot. at 2.
[9] *Id.* at 1.
[10] State's Resp. at 1.
[11] DEL. SUPER. CT. CRIM. R. 35(b).
[12] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'" *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

the tardiness of his Motion.[13] This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances."[14] Exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[15] Defendant has not raised any "extraordinary circumstances" to overcome this bar. The temporary suspension of the Key Program due to COVID-19 is not an extraordinary circumstance.

6. Moreover, Defendant's motion is repetitive. Superior Court Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[16] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[17] The bar to repetitive motions has no exception. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[18] Therefore, where Defendant has previously submitted two Motions for Modification,[19] and where such motions were

---

[13] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).

[14] *See Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1–2 (Del. Mar. 24, 2004) (TABLE).

[15] *State v. Culp.* 152 A.3d 141, 154 (Del. 2016) (internal quotations omitted (quoting *Stave v. Diaz*, 2015 WL 1741768 at *2).

[16] DEL. SUPER. CT. CRIM. R. 35(b). (emphasis added).

[17] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[18] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (TABLE). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[19] *See* Defendant's Motion for Modification of Sentence (Letter), *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 25 (Del. Super. Ct. July 17, 2019); *see also* Defendant's

denied,[20] this motion is also barred as repetitive. The Court cannot use its discretion to ignore this bar.[21] Notably, in response to consideration of Defendant's last Motion for Modification, DOC recommended that Defendant remain at maximum security until his security level could be reevaluated this July.[22] The Court defers to DOC regarding this placement decision.

7.     As such, Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

_____
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
Department of Justice
Investigative Services

---

Motion for Modification of Sentence, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 29 (Del. Super. Ct. Aug. 27, 2019).

[20] *See* Letter Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 28 (Del. Super. Ct. Aug. 23, 2019); *see also* Order Denying Defendant's Motion for Modification, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 30 (Del. Super. Ct. Sept. 11, 2019).

[21] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (reversing the Superior Court's decision to grant defendant's Motion for Modification where the motion was repetitive and untimely).

[22] *See* Letter Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Austen R. Koeller*, Crim. ID No. 1612003152, D.I. 28 (Del. Super. Ct. Aug. 23, 2019) (denying Defendant's Motion for Modification, attaching e-mail correspondence from Jennifer Barnes (DOC) recommending that Defendant "continue with his classification of Maximum Security status until his security level can be reassessed in July of 2020.").