# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. )
) I.D. No. 2104011875
)
MICHAEL SHOEMAKER-MARIONI, )
)
Defendant. )

## ORDER

Submitted: December 14, 2022
Decided: March 7, 2023

**AND NOW TO WIT,** this 7th day of March, 2023, upon consideration of Michael Shoemaker ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. This case involves sexual assaults against Defendant's infant daughter that began when she was one week old.[1] On July 19, 2021, a Grand Jury indicted Defendant for one count of Rape First Degree, three counts of Sexual Abuse of Child by Person in Position of Trust, Authority or Supervision First Degree, three counts of Rape Second Degree, one count of Unlawful Sexual Contact First Degree, one count of Sexual Abuse of Child by Person in Position

---

[1] *See* D.I. 12.

of Trust, Authority or Supervision Second Degree, one count of Offensive Touching, twenty-five counts of Dealing in Child Pornography, nine counts of Sexual Exploitation of a Child, one count of Continuous Sexual Abuse of a Child, one count of Endangering the Welfare of a Child, Victim of Sexual Offense.[2]

2. On May 24, 2022, Defendant pled guilty to one count of Rape First Degree, one count of Unlawful Sexual Contact First Degree, one count of Dealing in Child Pornography, and one count of Sexual Exploitation of a Child.[3] On August 26, 2022, Defendant was sentenced to, in relevant part, fifty years at Level V.[4]

3. On December 8, 2022, Defendant filed this Motion for Sentence Modification/Reduction, asking the Court to reduce imprisonment to the minimum mandatory thirty-nine years and suspend the remaining eleven years upon successful completion of "R2R/key program." In support, he asserts that he has not been placed into any useful treatment programs; he is remorseful; he is allowed to return to his former job; and he has a sick mother who needs his

---

[2] D.I. 2.

[3] D.I. 10.

[4] Defendant was sentenced to, in relevant part, forty years at Level V as to Rape First Degree, five years at Level V as to Unlawful Sexual Contact First Degree, two years at Level V as to Dealing in Child Pornography, and twenty-five years at Level V suspended after three years at Level V as to Sexual Exploitation of a Child. D.I. 12.

help.[5]

4.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[6]  Defendant filed this pending Motion 104 days after the sentencing. Defendant's Motion is time-barred.  In order to overcome the ninety-day time bar, Defendant must show that "extraordinary circumstances" forgive the tardiness of his Motion.[7]  Extraordinary circumstances are the circumstances that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[8]  Lack of treatment programs, remorse, employment opportunities, and family duty do not constitute extraordinary circumstances.

5.      Moreover, the sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.  After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided

---

[5] D.I. 14.
[6] Del. Super. Ct. Crim. R. 35(b).
[7] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).
[8] *Washington v. State*, No. 18, 2023, 2023 WL 2028713, at *2 (Del. Feb. 15, 2023) (citing *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015)).

by law and the maximum statutory penalties.  Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.  The sentence was appropriate for the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification is **DENIED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Investigative Services