**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
                                            )
         v.                             )
                                            )   I.D. No. 2005005984
AKIM GORDON, )
                                            )
        Defendant.           )

## <u>ORDER</u>

Submitted: April 5, 2023
Decided: May 15, 2023

**AND NOW TO WIT,** this 15th day of May 2023, upon consideration of Akim Gordon ("Defendant")'s Motion for Modification/Reduction of Sentence under Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On March 28, 2022, Defendant pled guilty to Drug Dealing Cocaine and Conspiracy Second Degree.[1] For the former charge, Defendant was sentenced to five years at Level V, suspended after two years, for transitioning levels of probation, and for the Conspiracy, he received a suspended Level V sentence to one year at Level III.[2]

2. On October 3, 2022, Defendant filed his first Rule 35 motion asking the

---

[1] D.I. 10.
[2] D.I. 11.

Court to place him in a DOC program to address his drug addiction.[3] This motion was denied.[4]

3. This second Rule 35 Motion asks that this Court reduce his remaining Level V sentence after he completes "Track 1 of the R2R Program" so that he can support his family affected by his grandmother's recent death.[5]

4. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[6] Defendant remains time barred. To overcome the time bar, he must show that "extraordinary circumstances"[7] forgive the tardiness of his Motion.[8] The sole basis for his request to support his family does not constitute extraordinary circumstances.

5. Further, "[t]he court will not consider repetitive requests for reduction of sentence."[9] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[10] He

---

[3] D.I. 12.
[4] D.I. 13.
[5] D.I. 14.
[6] Del. Super. Ct. Crim. R. 35(b).
[7] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'" *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).
[8] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006) (citations omitted).
[9] Del. Super. Ct. Crim. R. 35(b).
[10] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

previously filed in October of 2022.[11]    Thus, Defendant's request is barred as repetitive.  Rule 35 does not allow the Court to use its discretion to ignore this bar.[12]

6.    Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Vivian L. Medinilla*
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
         Department of Justice
         Investigative Services Office

---

[11] D.I. 12.

[12] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).