# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. Nos. 1909007362, 1909007180, |
| JAMES MILLER, | ) | 1907012442 & 1907018191 |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: June 2, 2023
Decided: July 10, 2023

**AND NOW TO WIT,** this 10th day of July 2023, upon consideration of James Miller ("Defendant")'s Motion for Modification/Reduction of Sentence under Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.      On January 27, 2020, Defendant pled guilty to two counts of Burglary Second Degree, one count of Non-compliance with Bond Conditions, and one count of Assault Third Degree.[1]  On April 23, 2020, Defendant was sentenced to: for each Burglary Second Degree charge, 8 years at Level V, suspended after 3 years, for 18 months at Level III;  for Non-Compliance with Bond Conditions, 2 years at Level V, suspended for 12 months at Level III; and for Assault Third Degree, Defendant was sentenced to one year at Level V, suspended for 12 months at Level III.[2]

---

[1] Crim ID No. 1909007362, D.I. 7.
[2] Crim ID No. 1909007362, D.I. 9.  Defendant was also sentenced to restitution for a burglary

2.	In June and July of 2020, Defendant filed his first Rule 35 motion with a supplemental letter,[3] respectively, asking that his sentences run concurrently under 11 *Del. C.* § 3901(d)[4] and 11 *Del. C.* § 825,[5] and that he be permitted to participate in a DOC treatment program.  The Court denied the requests.[6]

3.	On May 17, 2023, Defendant filed this Motion for Modification of Sentence asking now that this Court reduce the remaining year of his Level V sentence to Level IV.[7]  In support, he states that, as he completed numerous programs, including educational, therapeutic, and violence-alternative programs, he is able to create a stable lifestyle upon his early release.[8]

4.	Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[9]  Defendant is time-barred.  To overcome the time bar, he must show that "extraordinary circumstances"[10] forgive the tardiness of his Motion.[11]  The sole basis

---

charge, paying $3,950.00 to the victim.  *Id.*

[3] *See* Crim ID No. 1909007362, D.I. 8; D.I. 10.

[4] *See* 11 *Del. C.* § 3901 (providing for the fixing of terms of imprisonment within the Court's discretion to direct).

[5] *See* 11 *Del. C.* § 825 (providing the definition of Burglary in the Second Degree).

[6] Crim ID No. 1909007362, D.I. 11.

[7] Crim ID No. 1909007362, D.I. 12.

[8] *Id.*

[9] Del. Super. Ct. Crim. R. 35(b).

[10] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"  *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[11] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006) (citations omitted).

for his request to create a stable life upon early release does not constitute extraordinary circumstances.

5. Further, "[t]he court will not consider repetitive requests for reduction of sentence."[12] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[13] He previously filed a Rule 35(b) motion in June of 2020.[14] Thus, Defendant's request is barred as repetitive. Rule 35 does not allow the Court to use its discretion to ignore this bar.[15]

6. Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services Office

---

[12] Del. Super. Ct. Crim. R. 35(b).
[13] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[14] *See* Crim ID No. 1909007362, D.I. 8.
[15] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).