# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                 )
      v.                       )
                                 )  I.D. No. 1803010488
                                 )
KHALIER ROSS,         )
                                 )
         Defendant.     )

## ORDER

Submitted: August 9, 2023
Decided: November 13, 2023

**AND NOW TO WIT,** this 13th day of November 2023, upon consideration of Khalier Ross ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On July 30, 2018, Defendant pled guilty to Assault Second Degree (LIO of Attempted Murder First Degree,) Robbery Second Degree, and two counts of Possession of a Firearm During Commission of Felony ("PFDCF").[1] On April 3, 2019, Defendant was sentenced: (1) for Assault Second Degree, to eight years at Level V, suspended for eight years at Level IV DOC Discretion, followed by two years at Level III; (2) for Robbery Second Degree, to five years at Level V,

---

[1] D.I. 15.

suspended for two years at Level III; (3) for each PFDCF charge, to three years at Level V respectively.[2]

2.    On January 3, 2023, Defendant filed a Motion for Modification of Sentence asking the Court to suspend his Level IV sentence for two years at Level III.[3]  On April 12, 2023, this Court denied his request and determined that a transitioning Level IV sentence was appropriate.[4]

3.    Defendant now files another Motion for Modification.[5]  It appears from Defendant's filing that while at Level IV work release at the Plummer Center, Defendant was attending the Hope Program until June of 2023 when he was involved in a shooting incident.[6]  As a result, he was transferred to Sussex County's work-release program.[7]  Due to his injuries, he lost his employment at Urban Air Trampoline Park.[8]

4.    The bases for Rule 35 relief are: 1) Defendant's Rehabilitation; 2) Level IV "no longer allows [him] to be successful" while in Sussex County's work release program; 3) his diagnosis to his right elbow and lumbar region require him to be in an arm cast and "live with some type of disability. . .[and as to his lower back] will

---

[2] D.I. 18.
[3] D.I. 25.
[4] D.I. 26
[5] Defendant's Letter, D.I. 27 [hereinafter "Def.'s Mot."].
[6] Def.'s Mot. at 2.
[7] *Id.*
[8] *Id.*

require future medical rehabilitation;" and 4) he seeks a more stable living environment with his mother.[9]

5. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[10] Defendant was sentenced in September 2018 and is time-barred. To overcome the time bar, he must show that "extraordinary circumstances"[11] forgive the tardiness of his Motion.[12] His grounds for relief do not constitute extraordinary circumstances under Rule 35(b).

6. To the extent that Defendant seeks modification due to medical needs related to his right elbow and lower back numbness and nerve damage,[13] Defendant must seek relief under 11 *Del. C.* § 4217.[14] By copy of this Order, the matter is referred to DOC for follow-up.

7. Lastly, "[t]he court *will not* consider repetitive requests for reduction of sentence."[15] A motion is considered repetitive when it "is preceded by an earlier

---

[9] *Id.* at 2-3.

[10] Del. Super. Ct. Crim. R. 35(b).

[11] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'" *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[12] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006) (citations omitted).

[13] Def.'s Mot. at 3.

[14] 11 *Del. C.* § 4217 (providing that "[t]he Court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause. . . . Good cause under this section shall include . . . serious medical illness or infirmity of the offender. . . .").

[15] Del. Super. Ct. Crim. R. 35(b) (emphasis added).

Rule 35(b) motion, even if the subsequent motion raises new arguments."[16] The bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[17] Even though there are medical issues raised in this Motion, where Defendant has previously submitted similar requests for modification, this motion is barred as repetitive. Rule 35 does not allow the Court to use its discretion to ignore this bar.[18]

Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
John S. Taylor, Deputy Attorney General
Gregory Smith, Deputy Attorney General
Investigative Services

---

[16] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[17] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (Table). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (Table) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (Table) (finding that the defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[18] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).