# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE   )
         )
  v.      )   Case # 1605009503
         )
RICHARD M. CHAMBERLAIN, )
         )
  Defendant.   )

## ORDER
Submitted: August 21, 2023
Decided: November 13, 2023

**AND NOW TO WIT,** this 13th day of November, 2023, upon consideration of Richard M. Chamberlain ("Defendant")'s Sixth Motion for Modification of Sentence under Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On September 6, 2016, Defendant pleaded guilty to Driving Under the Influence ("DUI") 7th Offense, Vehicular Assault First Degree, and two counts of Vehicular Assault Second Degree.[1] On November 4, 2016, he was sentenced to: for the DUI 7th Offense, 15 years at Level V, suspended after 7 years, for partial incarceration and probation; for Vehicular Assault First Degree, 3 years at Level V, suspended after one year for 2 years at Level III; and for each Vehicular Assault Second Degree charge, one year at Level V, suspended after 6 months for one year

---

[1] D.I. 7.

at Level III.[2]

2.     Defendant has previously filed five Motions to Modify/Reduce his Sentence under Superior Court Criminal Rule 35(b)[3], which were all denied by this Court.[4]  On June 20, 2023, Defendant filed this current Motion for Modification asking the Court to suspend the remaining 5 months of Level IV Work Release, and instead be placed on Level III probation and TASC.[5]  In support, he states that: (1) while at Level IV, he is unable to return to his employment with the International Brotherhood of Electrical Workers (IBEW); (2) if permitted to return to IBEW, he can fulfill child support obligations; (3) the Deputy Warden at his Level IV placement is retaliating against him due to past litigation and a settlement against a former correctional officer; and (4) he is "self-sufficient without the need for work release," and Level IV is serving to hinder his ability to succeed.[6]

3.     On August 18, 2023, the State filed its response in opposition, namely that Defendant's request is procedurally barred.[7]  The State is correct.

4.     Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is

---

[2] D.I. 15.
[3] D.I. 17; D.I. 20; D.I. 26; D.I. 29; D.I. 31.
[4] D.I. 18; D.I. 22; D.I. 28; D.I. 30; D.I. 32.
[5] D.I. 33.
[6] D.I. 33.
[7] D.I. 35.

imposed.[8] Defendant is time-barred. To overcome the time bar, he must show that "extraordinary circumstances"[9] forgive the tardiness of his Motion.[10] His grounds for relief do not constitute extraordinary circumstances under Rule 35(b).

5.   Morevoer, "[t]he Court will not consider repetitive requests for reduction of sentence."[11] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[12] This is Defendant's sixth motion.[13] Defendant's request is barred as repetitive. Rule 35 does not allow the Court to use its discretion to ignore this bar.[14]

6.   Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
        Barzilai K. Axelrod, Department of Justice
        Investigative Services Office

---

[8] Del. Super. Ct. Crim. R. 35(b).

[9] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: " 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.' " *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[10] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006) (citations omitted).

[11] Del. Super. Ct. Crim. R. 35(b).

[12] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[13] *See* D.I. 17; D.I. 20; D.I. 26; D.I. 29; D.I. 31.

[14] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).