# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                                      )
                                      )

v.                            )     I.D. No.     1408017362
                                        )
                                      )

OBEDIAH YORK-JAMES    )
                                      )
Defendant.              )

## ORDER

Submitted: May 27, 2020
Decided: August 31, 2020[1]

**AND NOW TO WIT**, this 31st day of August, 2020, upon consideration of Defendant Obediah York-James ("Defendant") Motion for Modification of Sentence, the State's Response, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.     On April 22, 2015, Defendant was sentenced for one count of Assault First Degree, one count of Robbery First Degree, and two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF").[2] The charges arose from

---

[1] The United States of America and the State of Delaware declared states of emergency due to COVID-19 that resulted in court closures to address public safety concerns. Per Administrative Directives of the Supreme Court of the State of Delaware and the Delaware Superior Court, and the national and local states of emergency, "[u]nder the authority of 10 *Del. C.* § 2004, the judicial emergency for all State courts and their facilities in Delaware [was] extended for another 30 days effective July 8, 2020 . . . ." ADMINISTRATIVE ORDER NO. 8 EXTENSION OF JUDICIAL EMERGENCY (Del. July 6, 2020).

[2] *See* Sentence: ASOP Order Signed and Filed 04/30/15, *State of Delaware v. Obediah York-James*, Crim. ID No. 1408017362, D.I. 11 (Del. Super. Ct. Apr. 22, 2015) [hereinafter the Court will refer to docket numbers].

1

the robbery of a liquor store, whereby during the commission of the robbery, Defendant shot the liquor store clerk twice.[3] The victim underwent extensive surgery to save his life.[4]

2.     Defendant's sentence was imposed pursuant to a Plea Agreement between the State and Defendant.[5] The plea offer from the State considered Defendant's "lack of a criminal history and young age," where Defendant was sixteen years old at the time the crime was committed.[6] The State indicated "[w]ere it not for the efforts of the medical professionals who saved the life of the critically injured victim [Defendant] would be in a very different position relative to his sentence."[7] Specifically, "[t]he State agreed to amend [an] Attempted Murder in the First Degree charge, and allow Defendant to plead guilty to the lesser charge of Assault in the First Degree."[8] In accordance with this plea agreement, Defendant was sentenced to a sum of eleven years at Level V—the mandatory minimum incarceration under Delaware law, followed by six months at Level IV and eighteen months at Level III.[9]

---

[3] *State v. York-James*, 2017 WL 959405, at *1 (Del. Super. Ct. Mar. 8, 2017).
[4] *Id.*
[5] *See* DEL. SUPER. CT. CRIM. R. 11(c); *see also* Case Review Plea Hearing:  Pled Guilty/Sentenced, D.I. 10.
[6] State's Response to Defendant's Letter, D.I. 22 at page 2 [hereinafter "State's Resp."].
[7] *Id.*
[8] *York-James*, 2017 WL 959405, at *1.
[9] Defendant received the following sentences:  (1) For Assault First Degree, ten years at Level V, suspended after two years of mandatory incarceration, for eight years Level IV DOC Discretion, suspended after six months at Level IV DOC Discretion for eighteen months at Level III; (2) For

3.     On October 11, 2016, Defendant filed a Motion for Postconviction Relief.[10] On April 21, 2017, Defendant's Motion for Postconviction relief was denied.[11] On April 27, 2020, Defendant filed this instant letter requesting sentence modification.[12] Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion. However, in his motion he asks the Court to modify his Level V and Level IV sentences. Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[13] The Court therefore considers this request under Superior Court Criminal Rule 35(b).

4.     In his letter, Defendant provides the following as grounds for relief: (1) "L.P. Hodgkin's [sic] Lymphoma" – Defendant has cancer and claims that he has limited treatment options while incarcerated; (2) "COVID-19" – Defendant claims that in regards to the COVID-19 pandemic, he "could be at high risk with [his] diagnosis[;]" (3) "Growth and Development" – Defendant is a first-time offender and a juvenile offender, and asserts that since being incarcerated he has earned his High School Diploma and G.E.D. without having been ordered to do so; (4)

---

Robbery First Degree, three years of mandatory incarceration at Level V; and (3) For each PFDCF charge, three years of mandatory incarceration at Level V. *See* Def.'s Sentence. Defendant's Level V sentences were issued to run consecutively. *See id.*

[10] Defendant's Motion for Postconviction Relief, D.I. 12.

[11] Order Denying Defendant's Motion for Postconviction Relief, D.I. 20.

[12] Defendant's Letter, D.I. 21 [hereinafter "Def.'s Mot."].

[13] *Jones v. State*, 825 A.2d 238, 2003 WL 21210348, at *1 (Del. May 22, 2003) (TABLE).

3

Programs – Defendant wants to utilize other programs offered by the Department of Correction (DOC) for rehabilitative purposes.[14]

5.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[15] Defendant is time-barred. In order to overcome the ninety-day time bar in Rule 35(b), Defendant must show that "extraordinary circumstances"[16] forgive the tardiness of his Motion.[17] This exception is not a plea for leniency nor does it permit "exceptional rehabilitation" to suffice for "extraordinary circumstances."[18] This Court does not find that Defendant has raised any "extraordinary circumstances" to overcome this bar.

6.      Defendant's reference to "House Bill 5,"[19] seemingly requesting this Court modify his Level V sentences to run concurrently is without merit, as it requires the retroactive application of 11 *Del. C.* § 3901.[20] Defendant was sentenced in April 2015 and 11 *Del. C.* § 3901(d) was amended in June 2019. Delaware case

---

[14] Def.'s Mot at pages 1-2.
[15] DEL. SUPER. CT. CRIM. R. 35(b).
[16] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'" *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (TABLE) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).
[17] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006).
[18] *See Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *1–2 (Del. Mar. 24, 2004) (TABLE).
[19] Def.'s Mot. at page 2 (Defendant claims "with the approval of House Bill 5, [he is] eligible to have [his] two counts of PFDCF ran concurrently.").
[20] *See* 11 *Del. C.* § 3901 (providing for the fixing of terms of imprisonment within the Court's discretion to direct).

law holds that such provisions cannot be applied retroactively to modify a consecutive sentence to run concurrently.[21] Further, § 3901(d) does not allow for concurrent sentencing for PFDCF charges.[22]

7. Moreover, Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[23] Therefore, where Defendant is subject to a minimum mandatory sentence, Defendant's motion for modification of his Level V sentences is denied.

8. The Court next considers Defendant's request to be sentenced to "the Key/Crest program for [his] rehabilitative process[.]"[24] Under Superior Court Criminal Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[25] Defendant is not time-barred because he does not seek to modify or reduce his Level V sentence, but rather requests a modification of his Level IV time.

---

[21] *State v. Thomas*, No. CR IN17-08-0408, 2019 WL 5704287, at *4 (Del. Super. Ct. Oct. 31, 2019) (holding that the June 25, 2019 amendments to § 3901(d), "expand[ing] Delaware sentencing judges' discretion to order concurrent terms of incarceration," did not retroactively apply to defendant's sentence imposed before effective date of amendment).

[22] *See* 11 *Del. C.* § 3901(d) ("Notwithstanding the foregoing, no sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of the following crimes: . . . Possession of a firearm during the commission of a felony if the firearm was used, displayed, or discharged during the commission of a Title 11 or Title 31 violent felony as set forth in § 4201(c) of this title . . . .").

[23] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

[24] Def.'s Mot at page 2.

[25] DEL. SUPER. CT. CRIM. R. 35(b).

9.      Defendant's Level IV sentence is currently issued to be served at DOC Discretion.   Where DOC has requested that courts refrain from sentencing defendants to specific treatment programs within DOC, this Court defers to DOC to determine the appropriateness of Defendant's Level IV placement.

10.      No additional information warrants modification of sentence or imposing concurrent sentences.  As such, the sentences remain appropriate for the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

_____
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant

Department of Justice
Investigative Services