**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                              )
                              )
     v.                  )   I.D. No. 1408017362
                              )
                              )
OBEDIAH YORK-JAMES,      )
                              )
          Defendant.      )

## ORDER

Submitted: March 14, 2023
Decided: May 10, 2023

**AND NOW TO WIT**, this 10th day of May 2023, upon consideration of Defendant Obediah York-James ("Defendant")'s Motion for Modification of Sentence Due to Serious Medical Condition, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. Defendant was 16 years old when he was arrested on charges of Attempted Murder First Degree, Robbery First Degree, Conspiracy Second Degree, and two firearm charges. Extensive negotiations yielded a plea agreement. On April 22, 2015, Defendant pled guilty to one count of the Lesser Included Offense of the murder charge to Assault First Degree, one count of Robbery First Degree, and two

1

counts of Possession of a Firearm During the Commission of a Felony (PFDCF).[1]

Defendant was immediately sentenced—upon a joint recommendation by both the State and him—to nineteen years, with eleven to be served as a minimum mandatory period of incarceration.[2]

2. On April 27, 2020, Defendant filed his first Motion for Modification under Rule 35(b).[3] That motion was denied.[4] On February 4, 2021, Defendant filed a Motion for Modification of Sentence for an Offense Committed as a Juvenile,[5] which was summarily dismissed.[6]

3. Defendant now moves again under Rule 35, seeking that his Level V sentence be reduced to facilitate his cancer treatments for non-Hodgkin's lymphoma,[7] contending these medical needs amount to "extraordinary circumstances" under Rule 35,[8] because his treatment cannot be provided by DOC.[9] Defendant claims communications problems with DOC "has caused (most rapidly) a deadly decline in his health,"[10] which if not addressed will "likely have fatal

---

[1] D.I. 10.

[2] *See* D.I. 11. Defendant was sentenced as follows: (1) for the Assault First Degree charge, ten years at Level V, suspended after two years, for eight years at Level IV, suspended after six months, for eighteen months at Level III; (2) for the Robbery First Degree charge, three years at Level V; and (3) for the two counts of PFDCF, three years at Level V as to each charge. D.I. 11.

[3] D.I. 21.

[4] D.I. 23.

[5] D.I. 26.

[6] D.I. 30.

[7] D.I. 35.

[8] *Id.*

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 15.

consequences, [that] leaves him no other option than to present [here]."[11]

4.      The Court asked the State to respond.  On April 21, 2023, the State confirmed it had consulted with Dr. Awele Maduka-Ezeh, Medical Director and Healthcare Epidemiologist with DOC, who acknowledges that Defendant's oncological treatment is not available locally, and that incarceration serves as a hindrance to receiving this therapy.[12]  Accordingly, the State accepted and adopted Dr. Maduka-Ezeh's opinion that release from prison may benefit Defendant to allow him to access medical care.[13]  The State further submitted a request that should this Court grant relief, supervision protocols with DOC be established prior to Defendant's release.[14]

5.      The Court is sympathetic to Defendant's medical condition and his request for relief.  The Court also appreciates the State's response to consider release through Rule 35.  Defendant, however, is still serving the minimum mandatory period of his sentence.  And although the Court has wide discretion to reduce a sentence upon a timely Rule 35(b) application, which this is not, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum

---

[11] *Id.* ¶ 16.
[12] D.I. 37.
[13] *Id.*
[14] *Id.*

sentence.[15]  Thus, under Rule 35, the relief is not available.

6.      Not only does the Court lack the authority, Defendant remains time barred under Rule 35(b), where his motion is made more than ninety days after the sentence was imposed.[16]  Even if this Court could consider the motion, to overcome the time bar, Defendant must show that "extraordinary circumstances"[17] forgive the tardiness of his Motion.[18]  These circumstances do not constitute extraordinary circumstances under Rule 35.

7.      Lastly, "[t]he court *will not* consider repetitive requests for reduction of sentence."[19]  A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[20]  The bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[21]

---

[15] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[16] Del. Super. Ct. Crim. R. 35(b).

[17] The Delaware Supreme Court has defined "extraordinary circumstances" as circumstances which: "'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"  *State v. Diaz*, 113 A.3d 1081, 2015 WL 1741768, at *2 (Del. 2015) (Table) (quoting *State v. Lewis*, 797 A.2d 1198, 1203, 1205 (Del. 2002) (Steele, C.J., dissenting)).

[18] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006) (citations omitted).

[19] Del. Super. Ct. Crim. R. 35(b) (emphasis added).

[20] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[21] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (Table).  *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (Table) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (Table) (finding that the defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

Where Defendant has previously submitted a Motion for Modification,[22] this motion is also barred as repetitive.

8. Defendant must seek relief under 11 *Del. C.* § 4217.[23] Since the State, through the assigned DAG, accepts and adopts the recommendations from DOC's medical personnel as to Defendant's medical treatment needs, this Court communicated directly with counsel for DOC on May 9, 2023, to determine if DOC intended to present an application under 11 *Del. C.* § 4217. Counsel for DOC confirmed via email that DOC began the process under § 4217 that same day.[24]

9. No additional information has been provided to the Court that permits the Court to reduce this sentence. The matter has been referred to DOC for follow-up.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **SUMMARILY DISMISSED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
    Department of Justice
    Investigative Services

---

[22] D.I. 21.

[23] 11 *Del. C.* § 4217 (providing that "[t]he Court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause. . . . Good cause under this section shall include . . . serious medical illness or infirmity of the offender. . . .").

[24] E-mail from Gregory E. Smith, counsel for DOC, to The Honorable Vivian L. Medinilla (May 9, 2023, 03:24 p.m. EDT).